986 F.2d 1421
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
. William GRAHAM, Plaintiff-Appellant,
Michael Deffet; Daniel D. Carey, Plaintiffs,
v.
Marcia J. MENGAL, Clerk of Supreme Court of Ohio and
Secretary of the Ohio Board of Bar Examiners, et
al., Defendants-Appellees.
 No. 92-3283.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1993.
 
 1
 Before BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 R. William Graham, a pro se Ohio resident, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. §§ 1983 and 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive, declaratory, and monetary relief, Graham and two other individuals sued the clerk of the Ohio Supreme Court, the Justices of the Ohio Supreme Court and the members of the Ohio Board of Bar Examiners in their individual and official capacities for allegedly violating plaintiffs' due process and equal protection rights under the Fourteenth Amendment. Plaintiffs, who unsuccessfully sat for the July 1990 Ohio bar examination, claimed that the manner in which the examination was graded was arbitrary and capricious, resulting in the denial of their constitutional rights.
 
 
 4
 The district court granted defendants' motion for summary judgment as to plaintiffs' claims of procedural due process and equal protection; however, it tried the issue as to whether plaintiffs were denied substantive due process. After trial, the district court concluded that it lacked subject matter jurisdiction over the dispute and dismissed the case.
 
 
 5
 In his timely appeal, Graham essentially argues that the district court erred by concluding that it lacked subject matter jurisdiction. Graham is the only plaintiff to file a timely appeal.
 
 
 6
 Upon de novo review, we conclude that the district court was without jurisdiction to entertain Graham's complaint. See D.C. Court of Appeals v. Feldmann, 460 U.S. 462, 485-86 (1983).
 
 
 7
 Accordingly, the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation